GARCÍA ET AL. *v.* ALTUNA ET AL.

APPEAL from the District Court of Guayama.

No. 656.—Decided April 24, 1911.

RECOVERY—PLAINTIFF'S TITLE—POSSESSION BY DEFENDANT AS OWNER.—Despite the fact of a dominion title being recorded in the registry in favor of the plaintiff, should it appear from the evidence that the latter has not been in actual possession of the land he claims as his own, and that, on the contrary, the defendant, by himself and through his predecessors, has peacefully possessed, and still possesses, said land without interruption and in the capacity of owner for more than 30 years, it must be concluded that the defendant' is the legitimate owner of the estate claimed by the plaintiff.

ID.—OWNERSHIP—PRESCRIPTION.—Ownership and other property rights over real property are acquired by prescription in the manner and under the conditions prescribed by the law, and rights and actions of whatever kind are likewise extinguished by prescription.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for appellants.

*Mr. J. Cervoni Gely* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for the recovery of 17 *cuerdas* of land. The complaint was filed in the District Court of Guayama and the plaintiffs allege under oath therein that they are the owners, having their title recorded in the registry of property, of a certain rural estate consisting of 115 *cuerdas,* as described, situated in *barrio* Jagual, of the municipality of Patillas, and that the defendants, Pedro Altuna and Juan Pedro Díaz, without title thereto, took possession of 7 *cuerdas* and 10 *cuerdas,* respectively, neither of which portions of the said estate are described. They consequently prayed the court to render judgment declaring ''that the estate in question belongs exclusively to the plaintiffs, the defendants being adjudged to deliver immediately the estate to the plaintiffs, reinstating them in the full ownership thereof, with the products received and such as they might have received, and furthermore imposing the costs on them.''

The defendants likewise filed a sworn answer denying the essential facts of the complaint and alleging that they had been for many years in possession of parcels of land which they acquired with their money and have enjoyed quietly and peacefully; that said parcels, which they now own absolutely, had been in the possession of previous owners who were not the defendants, and that the whole time of their respective possession aggregated more than 30 years, for which reason they prayed the court to dismiss the complaint with costs against the plaintiffs.

The hearing was had on May 25, 1910. The plaintiffs introduced as evidence a certified copy of the final judgment of the District Court of Guayama of August 31, 1909, recorded in the registry of property, whereby it was declared that the plaintiffs had established their ownership of the rural estate of 115 *cuerdas* described in the complaint; a summons to appear at the survey of the estate duly returned by the marshal; a certificate of the survey issued by the surveyor, Manuel Poventud, and the sketch drawn; a certificate from the keeper of the general archives of the district of Guayama

attesting that there are several deeds on file at his office, the dates, executing parties, and object thereof being mentioned, all of which documents refer to purchases of land, and the testimony of the witnesses, J. I. Salinas, V. Poventud, I. García and J. J. Aponte. The defendants introduced as evidence a notarial deed, not recorded in the registry of property, which was executed on June 30, 1892, and related to the purchase made by the defendant, Altuna, of 7 *cuerdas* of land in *barrio* Jagual, of the municipality of Patillas, bounded on the east by the property of José Salinas, and the testimony of the witnesses, P. Altuna, G. Díaz, T. Quiñones, M. Claussel, J. Cintrón, and F. Cervoni. On September 10, 1910, the court rendered judgment dismissing the complaint, without costs.

The plaintiffs and appellants alleged in this Supreme Court that the trial court had erred in the consideration of the evidence and in the application of the law. The respondents maintained in their brief the propriety of the judgment appealed from.

The trial judge, in setting forth the grounds of his judgment, expressed himself as follows:

"The plaintiffs instituted proceedings in this court to establish the ownership of a parcel of land described in the complaint, which ownership was declared in their favor by this court on August 31, 1909. In the application filed by the plaintiffs, supported by the evidence taken in the proceedings to establish said ownership, it is stated that the plaintiffs have owned the said property for more than 30 years. Yet from the testimony of the plaintiffs themselves at the hearing of this case it plainly appears that at the time said proceedings were instituted they were not in possession of the 17 *cuerdas* the ownership whereof is claimed in the present action. The evidence adduced by the plaintiffs is extremely weak. The witness, José Inocencio Salinas, who is one of the plaintiffs and is 50 years of age, confined himself to stating that he left the Island 20 years ago and that the heirs of Salinas were then in possession of the piece of land now possessed by Altuna. We think that this witness is mistaken and that he meant to say that the land was in the possession of José García Salinas, because the latter was alive at that time. Nothing else is stated by José I. Salinas which deserves to be taken into consideration. The

other witnesses of the plaintiffs confine themselves to stating that a survey of the property described in the complaint was made in accordance with the dominion title held by the heirs of Salinas, and that the said 17 *cuerdas* are included in the property of said heirs, as shown by the survey made. But they know nothing with respect to the time during which the defendants have been in possession of the said piece of land, nor do they say whether that piece of land was ever occupied by their predecessor in interest, José García Salinas. With regard to this very important point we can only quote the aforesaid vague and doubtful testimony of José Inocencio Salinas. On the other hand, the defendants have shown satisfactorily to the court that they have been in possession of the said 17 *cuerdas* of land for more than 30 years, taking into account, with respect to the parcel of land occupied by Pedro Díaz, the duration of his predecessors' possession.''

We have carefully considered the pleadings and the evidence and in our opinion the conclusions of the district judge are entirely correct.

We have also examined each one of the provisions of law which the appellants allege have been violated and, in our opinion, no such violation exists.

If the defendants proved, as the trial court found and as appears from the record, that the plaintiffs, notwithstanding the record of their dominion title in the registry of property, had not been nor are now in material possession of the land which they claim, and that, on the contrary, they, the defendants themselves and their predecessors in interest, had been and are in the peaceful and uninterrupted possession of the said land in the capacity of owners, it must necessarily be concluded that the defendants are the legal owners of the properties claimed by the plaintiffs.

Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law. Rights and actions of any kind whatsoever are also extinguished by prescription in the same manner. Such are the provisions of section 1831 of the Revised Civil Code, corresponding to article 1930 of the Spanish Civil Code, which doctrine is laid down in Law I, Title XXIX, *Partida* III.

By prescription, then, rights are acquired or created and extinguished or terminated, and in this twofold aspect prescription is applicable here, both with respect to the defendants in the first instance and with respect to the plaintiffs in the second, even on the assumption that the latter had proved that they had had at some period a right of ownership over the estates claimed by them, which certainly appears very doubtful.

Section 1860 of the Revised Civil Code, which is substantially the same as article 1959 of the Spanish Civil Code and agrees with the former codes, reads as follows:

"Section 1860.—Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for 30 years without the necessity of title or good faith and without distinction between present and absent persons, with the exception mentioned in section 546 of article 2, Chapter I, Title VII, of the second book of this code."

And section 1864 of the Revised Civil Code, which corresponds to article 1963 of the Spanish Civil Code and also agrees with the former codes, reads as follows:

"Section 1864.—Real actions with regard to real property prescribe after 30 years.

"This provision is understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription."

In view of the pleadings and the evidence introduced and applying the foregoing provisions of law, it should be decided, as was decided by the district court, that the facts and the law are in favor of the defendants and against the plaintiffs.

The appeal should, therefore, be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.